16-922-cv
*Heyliger v. Peters*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of June, two thousand nineteen.

PRESENT:     JOSÉ A. CABRANES,
            REENA RAGGI,
            CHRISTOPHER F. DRONEY,
                        *Circuit Judges.*

_____

DEREK A. HEYLIGER,

               *Plaintiff-Appellant,*                     16-922-cv

          v.

C. PETERS, Investigator, individually, CHARLES WOODY, Investigator, Binghamton Police Department, individually, FREDDY ASKAR, Investigator, Broome County Sheriff's Department, individually, JIM HAWLEY, Investigator, Binghamton Police Department, individually, PHILLIP DEANGELO, Investigator, Binghamton Police Department, individually, CITY OF BINGHAMTON, BROOME COUNTY,

               *Defendants-Appellees.*\*

_____

_____

\* The Clerk of the Court is directed to amend the caption as shown above.

FOR PLAINTIFF-APPELLANT:   FIONA J. KAYE (Felicia H. Ellsworth, *on the brief*), Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY.

FOR DEFENDANT-APPELLEE CITY OF BINGHAMTON:   BRIAN M. SEACHRIST, Office of the Corporation Counsel, Binghamton, NY.

FOR DEFENDANTS-APPELLEES JAMES HAWLEY, PHILLIP DEANGELO, CHARLES WOODY, CARL PETERS:   Patricia A. Cummings, Leonard & Cummings LLP, Binghamton, NY.

FOR DEFENDANTS-APPELLEES BROOME COUNTY, FREDDY ASKAR:   Robert G. Behnke, Broome County Attorney, Binghamton, New York.

Appeal from the March 11, 2016 judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Plaintiff-Appellant Derek A. Heyliger ("Heyliger") appeals from an award of summary judgment to Officers James Hawley, Phillip DeAngelo, Charles Woody, Carl Peters, and the City of Binghamton (jointly, "Binghamton defendants") and to Broome County and Freddy Askar (jointly, "Broome defendants"). Heyliger filed this suit against the Binghamton defendants and the Broome defendants on claims arising from his arrests for gang assault and for tampering with evidence. He argues that the arrests were unlawful because they were not supported by probable cause. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, "construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences and resolving all ambiguities in its favor." *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 71 (2d Cir. 2019) (internal quotation marks omitted).

A section 1983 claim for false arrest "is substantially the same as a claim for false arrest under New York law."[1] *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007). To prevail on a claim for false arrest under New York law, a plaintiff must show that: "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Wright v. Musanti*, 887 F.3d 577, 587 (2d Cir. 2018). An arrest is privileged if it is supported by probable cause, which "is an absolute defense to a false arrest claim." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks and citation omitted).

Heyliger argues that his arrest for gang assault lacked probable cause because the victim's sworn statement of September 12, 2010, on which the police relied, lacked reliability. To support his contention, he cites record evidence showing that the victim was intoxicated at the time of the statement. He further cites the notes of a police officer present at the crime scene indicating that the victim was incoherent in the immediate aftermath of the attack. But there is no evidence that the officers taking the victim's statement at the hospital were aware that the victim was intoxicated so as to have cause to question reliability. Moreover, the statement on which the police relied was coherent, described the location and details of the attack, and identified several of the alleged attackers. Further, it comported with other facts already known to the police. Accordingly, we conclude that the statement was sufficiently reliable to support a finding of probable cause.

Heyliger next argues that even if the statement was reliable, it did not sufficiently identify him as the perpetrator because the statement referred to him only as "Swish." But Heyliger's own testimony makes clear that he went by the nickname Swish, that he had used this moniker since at least the year 2000, and that he was well-known to, and had previously interacted with, many of the police officers who are defendants in this case. In light of Heyliger's testimony, we conclude that the District Court did not err in finding that there was no material dispute of fact that the statement's reference to "Swish" established probable cause as to Heyliger's involvement.

Heyliger further argues that the statement merely identified his presence at the crime scene, but did not implicate him in the crime. This is plainly incorrect. The statement claims that "a bunch of Bloods attacked me. Nooks, Styles, Swish, and YG were there." App'x 379. Nooks started talking to the victim, and "[t]he other guys approach [him] and people started hitting [him] and stabbing [him]." *Id.* Then, after the victim temporarily got away, "[a]ll those guys jumped [him] again." *Id.* at

---

[1] Heyliger's second amended complaint includes a long list of claims against many defendants. He has appealed only his claims for false arrest under state and federal law.

380. Placed in context, this statement is "sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Dancy v. McGinley*, 843 F.3d 93, 107 (2d Cir. 2016) (internal quotation marks omitted).

Heyliger argues that his arrest for tampering with evidence was unlawful because it was unsupported by probable cause. As Heyliger acknowledges, defendants procured an arrest warrant prior to this arrest. The existence of an arrest warrant establishes a presumption of probable cause. *Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007). Heyliger contends that the presumption is overcome in this case because Officer Woody, who filed the felony complaint to obtain the warrant, falsely stated in the complaint that Heyliger intentionally destroyed his phone by breaking it into pieces and throwing it away. But there is no dispute that Heyliger's phone broke in half while in his hands during the arrest, and Heyliger has produced no evidence showing that Officer Woody knowingly misstated any facts in the felony complaint. Accordingly, the District Court did not err in granting summary judgment on Heyliger's false arrest claim as to this arrest.

Because we conclude that the District Court properly granted summary judgment as to all federal claims, we conclude that the District Court did not err in declining to exercise supplemental jurisdiction over any state claims.

## CONCLUSION

We have reviewed all of the arguments raised by Heyliger on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 11, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4